**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| AdVnt Biotechnologies, LLC, an Arizona limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>Martin Schroeder, Ann Schroeder, husband and wife; The Emmes Group, Inc., a corporation,<br><br>            Defendants. | CV-06-904-PHX-DGC (Lead)<br>CV-06-2787-PHX-DGC<br>CV-06-2788-PHX-DGC<br><br>**ORDER** |

Defendants Martin and Ann Schroeder and The Emmes Group (collectively "Schroeder") have filed a motion to dismiss the complaint of Plaintiff AdVnt Biotechnologies, LLC ("Advnt") under Federal Rules of Civil Procedure 9(b) and 12(b)(6) and, alternatively, a motion for a more definite statement. CV-06-2787-PHX-DGC Dkt. #7. The Court has reviewed the memoranda filed by the parties. Dkt. ##7, 12, 15. For the reasons stated below, the Court will grant the motion in part.[1]

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

**I.     Background.**

Lawrence J. Warfield, trustee in bankruptcy for Osborn Scientific Group, Inc. ("OSG"), filed a twenty-count complaint against Advnt stemming from Advnt's purchase of many of OSG's assets on October 22, 2003, including tests for various types of biowarfare agents. *See* 06-ap-00087-GBN, Dkt. #1.  The Trustee contends OSG received other offers for more than the sale price of $50,000, but sold the assets to Advnt for a lesser amount to satisfy a $266,000 debt OSG owed to Advnt's owner, Tim Scherkenback. *Id.* ¶¶ 104-07. Advnt filed a separate action for intentional misrepresentation and tortious interference with contract against Schroeder, a former investment banker for OSG, for allegedly stating falsely to the Trustee in 2004 and 2005 that other companies had offered more than Advnt for a stake in OSG. Dkt. #1.  Advnt filed a motion to consolidate its case against Schroeder with the main action brought by Trustee Warfield, which the Court granted on May 16, 2007. Dkt. #23.

**II.    Discussion.**

    **1.     Intentional Misrepresentation.**

Arizona law treats claims for intentional misrepresentation as claims for fraud. *Knoell v. Cerkvenik-Anderson Travel, Inc.*, 891 P.2d 861, 869 (Ariz. Ct. App. 1994), vacated and remanded on other grounds, 917 P.2d 689 (Ariz. 1996); *Formento v. Encanto Bus. Park*, 744 P.2d 22, 28 (Ariz. Ct. App. 1987); *Bank of the West v. Estate of Leo*, 231 F.R.D. 386, 390 (D. Ariz. 2005); *see also Restatement (2d) of Torts*, §§ 526-530 (1977).  Schroeder argues that Advnt failed to plead its intentional misrepresentation claim with the particularity required by Rule 9(b).

"To meet the Rule 9(b) particularity requirement, a plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Orthologic Corp. v. Columbia/HCA Healthcare Corp.*, No. CIV 01-0006-PHX-SRB, 2002 WL 1331735 at *2 (D. Ariz. Jan. 7, 2002) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999)).  A plaintiff must also "state the time, place, and specific content of the false

- 2 -

representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."); *Lancaster Cmty. Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (Rule 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."). Courts have dismissed fraud claims when, for example, the plaintiff did not specify the identity of the individual speakers, the dates or times when the alleged misrepresentations were made, or the contents of the statements and what was false about them. *See, e.g., Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F.Supp.2d 1013, 1028 (D. Ariz. 2003); *Williamson v. Allstate Insurance Co.* 204 F.R.D. 641, 645 (D. Ariz. 2001).

Advnt's complaint does not allege intentional misrepresentation with the particularity required by Rule 9(b). *See* CIV-06-2787, Dkt. #1. It alleges that the misrepresentations occurred "beginning sometime in 2004 and ending in 2005" *(id.* ¶ 13), but this date range does not adequately identify when the statements were made. Nor does the complaint allege to whom the statements were made, instead stating that they were directed to "third parties." *Id.* ¶ 14. While the complaint describes generally that Schroeder told third parties that OSG had received lucrative offers for the sale of its assets or shares of ownership, it does not allege the specific contents of a single statement. Because Advnt has failed to allege the time, place, content, or recipients of any misstatement, the Court will dismiss the claim for failure to comply with Rule 9(b).

**2.   Tortious Interference with Contract.**

Schroeder argues that, pursuant to Section 365 of the Bankruptcy Code, OSG breached its contract with Advnt immediately prior to filing for bankruptcy on December 11, 2003. Dkt. #7 at 8. Schroeder then contends that because the contract was already breached, he could not possibly have interfered with OSG's contract with Advnt through statements he allegedly made in 2004 and 2005. *Id.* at 9-10.

1    Section 365 of the Bankruptcy Code provides that if a contract between a debtor and a third party is executory and the bankruptcy trustee does not assume or reject the contract, the contract is deemed rejected and the debtor is considered to have breached the contract immediately before the bankruptcy petition was filed. 11 U.S.C. § 365(d)(1), (g). "A contract is executory if the obligations of both the bankrupt and the other party to the contract are so far unperformed at the time of filing that the failure of either to complete performance would constitute a material breach excusing performance of the other." *Collingwood Grain, Inc. v. Coast Trading Co., Inc.*, 744 F.2d 686, 692 (9th Cir. 1984) (quotations omitted).

Schroeder claims that the contract was executory because performance of both parties remained due on December 11, 2003. *Id.* at 9. Advnt does not dispute that it owed $25,000 to OSG at that time. *Id.* And in its counterclaim against OSG, Advnt alleged that OSG breached the contract with Advnt in 2003 by failing to provide certain assets to Advnt. *See* CIV-06-2788, Dkt. #7-3, Counterclaim ¶¶ 2-9. Thus, Advnt clearly has alleged that OSG had performance obligations remaining.

Advnt now argues that the contract was not executory and, therefore, that no breach occurred by operation of § 365. Dkt. #12 at 5. Advnt instead alleges that "OSG has breached the October 22, 2003 Agreement on the 18th day of January, 2006, upon the filing of the Complaint against Advnt." Dkt. #1 ¶ 17. In its response to Schroeder's motion, Advnt contends that "the agreement [between OSG and Advnt] was breached as a result of Defendant Schroeder's contract interference, and not in accordance with § 365 Bankruptcy Code law." Dkt. #13 at 6.[2]

---

[2] Advnt cites cases for the proposition that a contract is not executory when the only remaining performance obligation is the payment of money. Dkt. #12 (citing *In re Bryan Universal Roofing, Inc.*, 218 B.R. 948 (Bankr. D. Ariz. 1998); *In re THC Fin. Corp.*, 686 F.2d 799, 804 (9th Cir. 1982); *Benevides v. Alexander*, 670 F.2d 885, 887 (9th Cir. 1982)). As Advnt later states, however, these cases simply mean that "contracts that only required payment by the debtor [in bankruptcy] are not executory." *In re THC*, 686 F.2d at 804. This is not the case here, where Advnt owed OSG $25,000 and OSG still had an obligation, as Advnt alleges in its counterclaim against OSG, to provide usable biowarfare testing formulas.

- 4 -

Clearly, the allegations in Advnt's counterclaim against OSG are inconsistent with Advnt's arguments that the contract was not executory. Citing no authority, Schroeder contends that Advnt is judicially estopped from arguing that OSG owed no remaining performance obligations to Advnt. Dkt. #7 at 9.

"Judicial estoppel is an equitable doctrine that precludes a party from *gaining an advantage* by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire. & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (emphasis added; citation omitted); *see also Poweragent Inc. v. Electronic Data Systems Corp.*, 358 F.3d 1187, 1192 (9th Cir. 2004) ("[A] litigant may not *benefit* by making directly contradictory arguments regarding the same dispute in different tribunals.") (emphasis added). Schroeder identifies no advantage or benefit Advnt has yet received from its inconsistent counterclaim against OSG. Nor has Schroeder identified any prejudice Schroeder has suffered from Advnt's inconsistent positions. *See Zedner v. United States*, 126 S.Ct. 1976, 1987 (2006) (judicial estoppel is especially appropriate when a party's inconsistent positions are "to the prejudice of the party who has acquiesced in the position formerly taken by him.") (citation omitted).

Although Advnt's positions appear to be plainly inconsistent, parties are permitted to plead inconsistently. *See* Fed. R. Civ. P. 8(e)(2); 5 Wright & Miller, *Federal Practice and Procedure: Civil 3rd* §1283. In ruling on Schroeder's motion to dismiss, the Court must accept Advnt's pleadings as true. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Accepting the allegations as true, the Court finds no basis for dismissing the tortious interference claim.

The Court will deny Schroeder's motion for a more definite statement on the tortious interference claim. Motions for a more definite statement are disfavored in light of the notice pleading requirements of federal courts. *See Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003). The claim for tortious interference is adequately pled and fairly notifies Schroeder of the nature of the claim.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (CV-06-2787-PHX-DGC, Dkt. #7) is **granted** in part and **denied** in part as set forth above.
2. Defendant's alternative motion for a more definite statement (CV-06-2787-PHX-DGC, Dkt. #7) is **denied**.

DATED this 28th day of June, 2007.

David G. Campbell
United States District Judge